# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **RACHEL I. SIMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-08-S-1798-NW** |
| | ) | |
| **THE TOWN OF ROGERSVILLE,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's amended complaint asserts claims under 42 U.S.C. § 1983 against

the following defendants: (1) The Town of Rogersville, Alabama; (2) Harold D.

Chandler, the Mayor of Rogersville, in his individual capacity; (3) Jesse Gorrell, the

Director of the Rogersville Senior Citizen Center, in his individual capacity; (4) the

Town Council of Rogersville; (5) Richard Herston, a member of the Rogersville

Town Council, in his individual capacity; (6) Doris Cosby, a member of the

Rogersville Town Council, in her individual capacity; (7) Anita Roberson, a member

of the Rogersville Town Council, in her individual capacity; (8) Richard Thrasher,

a member of the Rogersville Town Council, in his individual capacity; and (9) Alan

Puckett, a member of the Rogersville Town Council, in his individual capacity.[1] The

---

[1] *See* doc. no. 22 (Amended Complaint).

case currently is before the court on the motion by defendants Herston, Cosby, Roberson, Thrasher, and Puckett to dismiss plaintiff's claims against them in their individual capacities.[2]

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the

---

[2]Doc. no. 24.

complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] [his]claims across the line from conceivable to plausible . . . ." *Id.* at 570.

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

In her amended complaint, plaintiff alleges that she is a resident of the Town of Rogersville, an "active member of her community[,] and an active member of the Rogersville Senior Center."[3]  Plaintiff further alleges that she attempts to stay involved in local government, and when she sees that "the Center [is] not being ran

---

[3]Doc. no. 22 (Amended Complaint), at ¶¶ 8-9.

[sic] properly or its Director [is] mistreating certain people, she voice[s] her opinion."[4]  Plaintiff also uses the Center as a source of meals and social interaction.[5] She sometimes has shared jokes with other members at the Center about older people having sexual relations.[6]  At some point, defendant Jesse Gorrell, the Director of the Center, made a collection of all the written jokes plaintiff had passed around to other members.[7]

On January 11, 2008, defendant Harold D. Chandler, Rogersville's mayor, wrote plaintiff a letter on official Town of Rogersville letterhead, stating that plaintiff was no longer allowed to attend any functions at the Center, or to communicate with any of the staff or members of the Center in any manner.  The letter also stated that it was apparent that plaintiff was "not pleased with the staff or with the functions that are being provided by the Center."[8]  Plaintiff claims that the letter represented "the official decision of the Defendant Mayor Harold Chandler, the Town of Rogersville, the Town of Rogersville Town Council, Jesse Gorrell, Richard Herston, Doris Cosby, Anita Roberson, Richard Thrasher and Alan Puckett,"[9] and that it was a reaction to

---

[4]*Id.* at ¶ 8.
[5]*Id.* at ¶ 10.
[6]*Id.* at ¶¶ 11-13.
[7]*Id.* at ¶ 14.
[8]*Id.* at ¶ 16.
[9]*Id.* at ¶ 15.

the complaints she had made about the Center's operations.[10]

Plaintiff requested defendants to reconsider the decision to ban her from the Center, but on January 30, 2008, "the Defendant, Mayor of Town of Rogersville, Harold D. Chandler, with the support of the Defendant, Town of Rogersville Town Council, and Jesse Gorrell" sent plaintiff a second letter stating that the decision against her would stand.[11]   Plaintiff claims that the decision on review was made by the members of the Town Council, because they all serve on the Senior Citizen Committee.[12]

Plaintiff claims that defendants' decision to ban her from the Center was in retaliation for her exercise of free speech, in violation of the First Amendment to the United States Constitution.[13]   She further claims that the decision violated her right to freedom of assembly, also in violation of the First Amendment.[14]   Because of these violations, plaintiff was unable to cast her vote in the February 5, 2008 election, and she was unable to work at the polls, because the Senior Center also served as her polling place.[15]   Plaintiff also alleges that she suffered "embarrassment, humiliation,

---

[10]*Id.* at ¶ 16.

[11]*Id.* at ¶ 17.

[12]*Id.* at ¶¶ 17-18.

[13]*See* Amended Complaint, at Count One.

[14]*Id.* at Count Two.

[15]*Id.* at ¶¶ 20-23.

anxiety, mental distress, and emotional pain and anguish" as a result of defendants' conduct.[16]   Furthermore, she alleges that defendants engaged in the conduct "intentionally, willfully, wantonly and with malice and/or disregard to Plaintiff's federally protected rights."[17]

## II. DISCUSSION

Defendants Herston, Cosby, Roberson, Thrasher, and Puckett argue that, as members of a local governing body, they are entitled to absolute immunity from plaintiff's § 1983 claims against them in their respective individual capacities. Indeed, the Eleventh Circuit has clearly held that "[l]ocal legislative bodies enjoy absolute immunity when exercising functions 'in the sphere of legitimate legislative activity.'" *Macuba v. DeBoer,* 193 F.3d 1316, 1320 (11th Cir. 1999) (quoting *Bogan v. Scott-Harris,* 523 U.S. 44, 54 (1998) (in turn quoting *Tenney v. Brandhove,* 341 U.S. 367, 376 (1951))).  *See also DeSisto College, Inc. v. Line,* 888 F.2d 755, 764-65 (11th Cir. 1989) ("The existing law on legislative immunity of this Circuit extends the immunity granted by the Supreme Court to federal, state, and regional legislators to local legislators.") (citations omitted).[18]  The question that remains to be answered

---

[16]*Id.* at ¶ 24.

[17]*Id.* at ¶ 26.

[18]Plaintiff acknowledges this point in her brief.  *See* doc. no. 27 (plaintiff's brief), at 1 ("[I]t is well settled that government officials performing legislative functions at the municipal level are entitled to absolute immunity.").

is whether defendants Herston, Cosby, Roberson, Thrasher, and Puckett were engaging in "legitimate legislative activity" during the events that form the basis of plaintiff's complaint.  *See Yeldell v. Cooper Green Hospital, Inc.,* 956 F.2d 1056, 1061 (11th Cir. 1992) ("The position of the individual claiming legislative immunity . . . is not dispositive.  It is the nature of the act which determines whether legislative immunity shields the individual from suit.").

"Only those acts which are 'necessary to preserve the integrity of the legislative process' are protected" by the doctrine of legislative immunity.  *Yeldell,* 956 F.2d at 1061 (quoting *United States v. Brewster,* 408 U.S. 501, 517 (1972)).  Stated slightly differently, "[l]egislative immunity provides protection from suit to government officials when they take actions that are 'an integral part of the deliberative and communicative processes by which [legislators] participate in . . . proceedings with respect to the consideration and passage or rejection of proposed legislation.'" *Smith v. Lomax,* 45 F.3d 402, 405 (11th Cir. 1995) (citations omitted) (second bracketed alteration in original).  Furthermore, the Eleventh Circuit has "expressly rejected the argument that the act of voting, in itself, constitutes legislative action giving rise to immunity."  *Id.* at 406 (citing *Crymes v. DeKalb County,* 923 F.2d 1482 (11th Cir. 1991)).

[I]t has been held that "[a]lthough a local legislator may vote on

an issue, that alone does not necessarily determine that he or she was acting in a legislative capacity." *Cinevision Corp. v. City of Burbank,* 745 F.2d 560, 580 (9th Cir. 1984), *cert. denied,* 471 U.S. 1054, 105 S. Ct. 2115, 85 L. Ed. 2d 480 (1985).

A legislative act involves policymaking rather than mere administrative application of existing policies. *Minton v. St. Bernard Parish School Bd.,* 803 F.2d 129, 135 (5th Cir. 1986) (citing *Hornsby v. Allen,* 326 F.2d 605, 608-09 (5th Cir. 1964)). . . . If the facts utilized in making a decision are specific, rather than general, in nature, then the decision is more likely administrative. Moreover, if the decision impacts specific individuals, rather than the general population, it is more apt to be administrative in nature. *See Cutting v. Muzzey,* 724 F.2d 259, 261 (1st Cir. 1984).

*Smith,* 45 F.2d at 406 (quoting *Crymes,* 923 F.2d at 1485) (bracketed alterations in

*Smith*).[19]

---

[19]The Eleventh Circuit stated the same principles in slightly different language in *Yeldell*, relying upon the Third Circuit's explanation of the difference between legislative and administrative acts:

"Legislative acts are those which involve policy-making decisions of a general scope or, to put it another way, legislation involves line-drawing. *Where the decision affects* a small number or *a single individual, the legislative power is not implicated, and the act takes on the nature of administration.*"

*Yeldell,* 956 F.2d at 1062-63 (emphasis supplied) (quoting *Ryan v. Burlington County,* 889 F.2d 1286, 1290-91 (3rd Cir. 1989)). The Court in *Yeldell* also pointed out that

Acts such as voting, . . . speech making on the floor of the legislative assembly, . . . preparing committee reports, . . . and participating in committee investigations and proceedings . . . are generally deemed legislative and, therefore, protected by the doctrine of legislative immunity. On the other hand, acts such as the public distribution of press releases and newsletters, . . . the acceptance of bribes in return for votes on pending legislative business, . . . the administration of penal facilities, . . . and the denial of licenses . . . are generally not protected by the doctrine of legislative immunity. These tasks are not an essential part of the legislative function.

Both the United States Supreme Court and the Eleventh Circuit Court of Appeals have entered decisions illustrating these general principles.  For example, in *Yeldell,* several employees of Jefferson County, Alabama, filed suit against the individual members of the Jefferson County Commission.  *See Yeldell,* 956 F.2d at 1058-59.  All of the plaintiff-employees either worked, or formerly worked, at Cooper Green Hospital, an entity under the administrative supervision of Commissioner Reuben Davis, and all of the plaintiffs asserted claims against the Commissioners for civil rights violations, including claims under 42 U.S.C. § 1983.  *Id.* at 1059.  The Commissioners each argued that legislative immunity protected them from the plaintiffs' claims.  The Eleventh Circuit Court held that Commissioner Davis's decisions to "hire, fire, and demote certain individuals" were administrative in nature and, therefore, not protected by legislative immunity, because those decisions "involved no line-drawing and affected only a few individuals."  *Yeldell,* 956 F.2d at 1062-63.  In contrast, the decision by the other Commissioners to not redistribute assignments among the Commission members in a manner that would result in Davis no longer having any supervisory authority over Cooper Green Hospital *was* legislative in nature, because the redistribution would have required the introduction of a resolution to the entire Commission as a body.  *Id.* at 1063.  According to the

*Yeldell,* 956 F.2d at 1062 (citations omitted).

Eleventh Circuit,

> the decision whether or not to introduce legislation is one of the most
> purely legislative acts that there is. Unlike the personnel matters which
> occupied the attention of Commissioner Davis, such decisions are an
> important part of the process by which legislators govern legislation
> and, therefore, entitle the decision-maker to the protection of legislative
> immunity.

*Id.*

Similarly, in *Smith v. Lomax,* the Clerk of the Fulton County, Georgia, Board

of Commissioners sued the County and two of the individual Commissioners for civil

rights violations (including claims brought under 42 U.S.C. § 1983) after being

denied reappointment to her position. *Smith,* 45 F.3d at 403. The individual

Commissioners claimed legislative immunity, but the Eleventh Circuit held they were

not entitled to that protection, stating that the Commissioners'

> decision not to reappoint [plaintiff] *constituted the application of a*
> *county policy*, expressed in the Fulton County Code . . . *to a specific*
> *party. The decision was not general in nature*; rather, it was simply a
> decision regarding whom to hire. In sum, we are obliged to adhere to
> our precedent and conclude that the appellants' vote to appoint Hanson
> to the clerk position was an administrative act and, thus, was not
> protected by legislative immunity.

*Id.* at 406 (emphasis supplied).

Finally, in *Bogan,* the plaintiff lost her job with a municipality when the mayor

and city council voted to pass an ordinance eliminating her position for budgetary

reasons. *Bogan,* 523 U.S. at 46-47.  The plaintiff alleged violations of her civil rights under 42 U.S.C. § 1983, and the individual council members asserted legislative immunity as a defense.  The Supreme Court held that the council members were entitled to the immunity because

> the ordinance, in substance, bore all the hallmarks of traditional legislation.  The ordinance reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents.  Moreover, it involved the termination of a position, which, unlike the hiring or firing of a particular employee, may have prospective implications that reach well beyond the particular occupant of the office.

*Id.* at 55-56.

In the present case, defendants Herston, Cosby, Roberson, Thrasher, and Puckett assert that the following allegations of plaintiff's amended complaint demonstrate their entitlement to legislative immunity: *i.e.,* that

> (a) the Defendants were members of the Rogersville Town Council, (First Amended Complaint, ¶ 6); (b) their names appeared at the bottom of Town of Rogersville letterhead, (First Amended Complaint, ¶ 32, 39); (c) they, as members of the Town Council officially approved letters written by third parties, (First Amended Complaint, ¶ 15, 17, 31, 32, 37); (d) their official action resulted in the alleged violations of Ms. Sims' civil and constitutional rights; and (e) that each of the Defendants should be held personally liability [sic]. (First Amended Complaint, ¶ 6, 15, 16, 17, 20, 23, 26, 29, 30, 33, 34, 35, 36, 37, 38, 39).  With respect to Defendants Cosby, Roberson and Thrasher, the plaintiff also asserts these individuals attended a Senior Citizen Committee Meeting on January 18, 2008.  (First Amended Complaint, ¶ 17).[20]

---

[20]Doc. no. 25 (defendants' brief), at 2.

None of these alleged acts are can be considered "necessary to preserve the integrity of the legislative process" or an "integral part of the deliberative and communicative processes" related to the passage of proposed legislation. *See Yeldell,* 956 F.2d at 1061; *Smith,* 45 F.3d at 405.  In fact, none of defendants' alleged actions have anything whatsoever to do with the legislative process.  None of the defendants' alleged actions involved the formation of Rogersville town policy, or the proposal or passage of any kind of resolution or ordinance.  Instead, the alleged actions are more administrative in nature.  Specifically, the decision to prohibit plaintiff from attending functions at the Center, or from communicating with staff or members of the Center, impacted *only* plaintiff; it did not apply to the general population of Rogersville.  Therefore, because Herston, Cosby, Roberson, Thrasher, and Puckett were not engaging in legislative activity at the time of the events alleged in plaintiff's amended complaint, they are not entitled to the protection of legislative immunity.

### III. CONCLUSION AND ORDER

Based upon all of the foregoing, the motion to dismiss filed by defendants Herston, Cosby, Roberson, Thrasher, and Puckett is DENIED.

DONE and ORDERED this 20th of April, 2009.

_____
United States District Judge

-12-